UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| AUDRA J. NOLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-1278-JWB-TJJ |
| | ) | |
| GAIL E. WALTER, M.D., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on Plaintiff's Motion for an Order Finding Service of Process is Valid, or in the Alternative, for an Order Allowing Service of Process by Other Means (ECF No. 4). Plaintiff seeks an order allowing her to serve Defendant by means other than those set forth in Federal Rule of Civil Procedure 4(f)(1) and (2).[1] Through a limited entry of appearance,[2] attorney Brian C. Wright opposes the motion on Defendant's behalf. For the reasons set forth below, the Court will grant Plaintiff's motion and will authorize alternative forms of service.

**Background**

Defendant does not dispute the following facts.

On April 15, 2019, Plaintiff filed an action against Defendant and others in the District

---

[1] Plaintiff's motion requests alternative forms of relief, primarily seeking a finding that the existing service on Defendant was valid. In her reply, Plaintiff amends her prayer for relief and "now asks that the Court issue the requested Order allowing service by alternative means **regardless** of whether the Court finds the existing service of process on defendant to be valid or not." ECF No. 7 at 1. The Court construes the motion as seeking approval of service by alternative means, and the Court will not make a finding regarding the existing purported service.

[2] *See* Notice of Limited Entry of Appearance (ECF No. 5). Mr. Wright's appearance is for the limited purpose of responding to and opposing the instant motion.

Court of Seward County, Kansas. Plaintiff first attempted service at Defendant's home in Paola, Kansas, but unbeknownst to Plaintiff's counsel, Defendant had recently sold her home and was temporarily living with her friends Jessica and Robert Knudsen at their home in Paola. In late April 2019, Defendant moved to Uganda, where she intends to remain permanently. Upon leaving the United States, Defendant listed the Knudsens' home as her mailing address, and she has designated Jessica Knudsen as the person responsible for receiving her mail, forwarding it to her, and handling her affairs in the United States.

When Plaintiff learned of this arrangement, counsel sent the state court summons and petition to Defendant at the Knudsens' address. Robert Knudsen signed the return receipt, and Jessica Knudsen scanned the documents and sent them to Defendant by email. Defendant acknowledged receipt and replied as follows:

> I saw this patient one month before her event. They're going for deep pockets suing as many doctors as they can. I'm not sure what they will want to do since I'm not in country. I will notify my malpractice people and have them handle it. She saw multiple doctors before when was seen the night she had a bleed in her brain. She was someone who frequented the hospital for migraines. Also had uncontrollable high blood pressure for which she didn't have good control. These people end up having bleeds from their uncontrolled high blood pressure. It was a matter of time before this was to happen. She saw an eye specialist in Garden City two days after I saw her for some eye-related issues, who did a full evaluation with CT angiogram, and they found nothing wrong. One month later, she bled into her brain and is suing everyone who saw her the month leading up to her injury, and the doctor who took care of her in the ER. I'll send an email to EmCare, let them know I have been named. Since I'm out of country and retired, they'll more likely want me to settle to get her off their backs. I can't afford to fly back to testify. In that case, the malpractice company will want to settle for the least amount. This is why I pay thousands of dollars a year, I guess, from stuff like this.[3]

Plaintiff later dismissed Defendant from the state court case and on October 18, 2019,

---

[3] Both Plaintiff and Defendant attached this answer from the July 19, 2019 deposition of Jessica Knudsen taken in the state court case.

filed this action. Defendant has maintained the Knudsens' home as her mailing address, and they are still receiving her mail and handling her affairs in the United States. Accordingly, on October 19, 2019, a process server personally served the summons for Defendant in this case on Jessica Knudsen at her home, and Plaintiff mailed a copy to the Knudsens' address.

On November 11, 2019, Plaintiff filed her Proof of Service, which states the process server left the summons at "the individual's residence or usual place of abode with Jessica Knudsen, a person of suitable age and discretion who resides there, . . . and mailed a copy to the individual's last known address."[4]

When Defendant did not file a responsive pleading, Plaintiff filed the instant motion.

**Analysis**

Plaintiff seeks an order authorizing service of process on Defendant through one or more of three methods: (1) by certified mail, return receipt requested, to the Knudsens' home in Paola, Kansas, which is still Defendant's mailing address; (2) by certified mail, return receipt requested, to Defendant's attorney; or (3) by email to Defendant's email address. Plaintiff asserts any of these methods would be permissible under Federal Rule of Civil Procedure 4(f)(3).

Rule 4(f) governs service of process on an individual in a foreign country. It contains three alternative forms of service. Under Rule 4(f)(1), service is permitted "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." If there is no internationally agreed means, Rule 4(f)(2) allows service as permitted

---

[4] ECF No. 3.

under the law of the foreign country, including personal service and certified mail. Finally, Rule 4(f)(3) allows service "by other means not prohibited by international agreement, as the court orders."

Defendant argues without support that the Court should only authorize alternative means of service "after plaintiff has attempted to avail herself of the methods authorized in Fed. R. Civ. P. 4(f)(2), and after she has demonstrated failure after good faith attempts to use them."[5] However, courts have held that Rule 4(f) "does not create a hierarchy among its subsections dictating that one form of service is favored over another."[6] Accordingly, "service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief."[7] Plaintiff is not required to attempt service under an international agreement or as permitted by the law of Uganda, nor must she justify why she has not made any such attempt.

In deciding whether to authorize Plaintiff to serve Defendant by one or more of the means of service she proposes, the Court must consider whether they comport with due process. In other words, the means of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to

---

[5] ECF No. 6 at 9.

[6] *E.g., Beijing Qiyi Century Science & Tech. Co., Ltd. v. Shenzhen Qiyi Innovations Tech. Co., Ltd.*, No. 18-cv-02360-RM-STV, 2018 WL 6589806, at *3 (D. Colo. Dec. 13, 2018); *Garb Oil & Power Corp. v. Titan Int'l Sec., Inc.*, No. 2:17-CV-00762-PMW, 2018 WL 4401737, at *1 (D. Utah Sept. 14, 2018) (collecting cases). *See also Jackson Lab.v. Nanjing Univ.*, No. 1:17-CV-00363-GZS, 2018 WL 615667, at *3 (D. Me. Jan. 29, 2018) ("By its plain language and syntax, Rule 4(f)(3)'s alternative is not a last resort, nor is it any less favored than service under subsections (1) and (2).").

[7] *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).

present their objections."[8]

As the undisputed facts reveal, upon leaving the United States Defendant left in place a system for reaching her by mail and email. And the facts also reveal that the system is effective. As Jessica Knudsen testified in her deposition, she accepted service of the state court lawsuit, scanned and forwarded the documents to Defendant, and Defendant not only acknowledged receipt but also indicated how she would handle the lawsuit going forward. Ms. Knudsen also verified Defendant's email address. So although Plaintiff currently is unable to show whether Defendant has received notice of this lawsuit, clearly Defendant knows of Plaintiff's claim that Defendant was negligent in providing care and treatment, and that Plaintiff alleges Defendant's negligence caused and/or contributed to cause Plaintiff to sustain permanent brain injury and damages.

The Court is not suggesting that Defendant's knowledge of the state court lawsuit lessens her due process rights. However, as Defendant concedes, permitting Plaintiff to effectuate service through email is justified under the circumstances of this case.[9] The email address for Defendant is known and was confirmed by Ms. Knudsen, she communicates regularly with Defendant through that email address, she used it to provide Defendant with copies of all relevant documents in the state court case, and Defendant acknowledged receipt and commented on the allegations and her care of Plaintiff.

Many courts have allowed service via email, finding it comports with due process where

---

[8] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

[9] Mr. Wright states that serving Defendant at a known email address "seems like [it] might work." ECF No. 6 at 9.

plaintiff can demonstrate the email is likely to reach the defendant,[10] or is reasonably calculated to provide defendant with notice of filings in the case.[11] The Court has no concern that permitting service by email would offend due process.

Mr. Wright raises the question of what happens if Defendant files no answer in response to email service. The Court is confident that Mr. Wright would not suggest to Defendant that she should evade service, and it appears that Defendant already has placed her insurance company on notice of this claim. Service of process never guarantees a defendant will file an answer. If Defendant does not file a responsive pleading, it will be up to Plaintiff to determine her next steps.

The Court will grant Plaintiff's motion to the extent that Plaintiff will be granted leave to serve Defendant by email. At this time, the Court need not consider the other two alternative forms of service Plaintiff proposes.

The Court also notes that the 90-day time limit for service "does not apply to service in a foreign country under Rule 4(f), . . . ."[12] "[T]here is no time limit by which service must be effected on a defendant in a foreign country pursuant to Rule 4(f). . . . Instead, courts have used a 'flexible due diligence standard' in determining whether service of process under Rule 4(f) is

---

[10] *E.g., F.T.C. v. Pecon Software Ltd.*, No. 12 Civ. 7186, 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013); *F.T.C. v. PCCare247 Inc.*, No. 12 Civ. 7189, 2013 WL 841037, at *6 (S.D.N.Y. March 7, 2013).

[11] *E.g., Williams-Sonoma Inc. v. Friendfinder Inc.*, No. C 06-06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007); *Philip Morris USA Inc. v. Veles Ltd.*, No. 06 CV 2988(GBD), 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007).

[12] Fed. R. Civ. P. 4(m).

timely."[13] Plaintiff has not requested a particular service deadline, but the Court presumes she intends to initiate service promptly. Accordingly, the Court will not set a deadline at this time.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for an Order Finding Service of Process is Valid, or in the Alternative, for an Order Allowing Service of Process by Other Means (ECF No. 4) is granted. Plaintiff is granted leave to serve Defendant by email to gail_ewalter@hotmail.com. In addition to the documents required to effectuate service, Plaintiff shall include a copy of this Order.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 24th day of February, 2020.

_____
Teresa J. James
U. S. Magistrate Judge

---

[13] *United States S.E.C. v. Shehyn*, No. 04 Civ. 2003(LAP), 2008 WL 6150322, at *4 (S.D.N.Y. Nov. 26, 2008) (internal citations omitted).