UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AUDRA J. NOLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cv-1278-JWB-TJJ |
| ) | |
| GAIL E. WALTER, M.D., ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on two related motions filed by Plaintiff: Motion to Quash Notice to Take Deposition Duces Tecum of Dr. Merkler and for Protective Order (ECF No. 52), and Objection To and Motion to Quash Notice to Take Deposition Duces Tecum of Randell Patten M.D. (ECF No. 59).[1] On July 28, 2021, the Court conducted a Status Conference at the parties' request and issued an oral ruling on both motions. This Order memorializes the ruling.

In addition to this action alleging negligence by Dr. Walter, Plaintiff has another lawsuit pending in state court alleging two other physicians were negligent in their treatment of Plaintiff. The three doctors treated Plaintiff at separate times, and Plaintiff alleges each was negligent in his or her own treatment.

Plaintiff has named Drs. Merkler and Patten as expert witnesses only in the state court lawsuit. Neither has treated or examined Plaintiff at any time, and Plaintiff has not identified

---

[1] Plaintiff filed an objection to the notice of deposition of Dr. Merkler (ECF No. 49) and, after conferring with Defendant as required by D. Kan. Rule 37.2, filed her motion to quash the notice. Although the motion regarding Dr. Patten does not follow but is combined with Plaintiff's objection to the notice of deposition, the issues are identical in both motions. In fact, in her first motion to quash, Plaintiff correctly anticipated Defendant would also serve a notice of deposition of Dr. Patten, and the parties conferred about both. Plaintiff therefore satisfied Rule 37.2 with respect to both motions.

either Dr. Merkler or Dr. Patten as an expert witness in this action. Instead, Plaintiff has named other expert witnesses (Drs. Edlow and Callahan) to offer opinions on the standard of emergency room care and neurological causation allegedly flowing from Defendant's actions.

Plaintiff contends Defendant's notices of deposition for Drs. Merkler and Patten are improper. Not only did Defendant serve the notices on Plaintiff's counsel, and not on the putative deponents, but neither notice was accompanied by a subpoena commanding the witness's attendance. Plaintiff correctly argues that counsel is under no obligation to produce Dr. Merkler or Dr. Patten for a deposition in this action. Plaintiff also represents the doctors have advised they are not interested in testifying as expert witnesses for the defense regarding matters for which they are testifying for Plaintiff. The conflict of interest that would arise from the dual testimony is readily apparent.

In addition, Defendant has set the depositions to occur on a date and time that Plaintiff is producing each witness for his deposition in the state court lawsuit. As Plaintiff notes, absent stipulation K.S.A. 60-230(h) limits attendees at a deposition to the officer before whom the deposition is being taken, the court reporter, parties to the action, the parties' attorneys and the attorneys' paralegals or legal assistants, and the deponent. Because Dr. Walter is not a party to the state court action, and her counsel does not represent the defendants in that case, they may not attend depositions taken in the state court lawsuit.

The Court found the depositions of Drs. Merkler and Patten are not authorized by Federal Rule of Civil Procedure 26(b)(4)(A), which permits a party to depose any person "who has been identified as an expert whose opinions may be presented at trial." And even if these doctors were consulting experts in this case, Defendant has made no showing of "exceptional circumstances

under which it is impracticable for the party to obtain facts or opinions on the same subject by other means" as required by Rule 26(b)(4)(D). The obvious "other means" is for Defendant to name her own expert witnesses, which she intends to do.

The Court also noted two cases from the Supreme Court of North Dakota that discuss the effect of that state's analog to Rule 26(b).[2] Both analyzed the issue by citing cases decided under Rule 26(b)(4), and both concluded the party seeking to discover the opposing party's expert opinions had not demonstrated exceptional circumstances. "To discover expert opinions protected by this rule, a party must show exceptional circumstances making it impractical to obtain facts or opinions on the same subject by other means."[3]

The Court further addressed the privilege issue, noting that where a party retains an expert witness who previously worked for or had a confidential relationship with the opposing party and acquired confidential information during the course of that relationship, a conflict of interest likely precludes the party from using the expert. "[A]n expert's prior access to and knowledge of the opposing party's privileged or confidential information may prejudice the integrity of the judicial process."[4]

The Court found Defendant has not demonstrated exceptional circumstances which would permit her to discover the opinions of Drs. Merkler or Patten. The same result would

---

[2] *Reems v. Hunke*, 509 N.W.2d 45 (N.D. 1993); *Polum v. North Dakota Dist. Court*, 450 N.W.2d 761 (N.D. 1990).

[3] *Reems*, 509 N.W.2d at 48 (protecting opinions of plaintiff's medical experts not designated to testify at trial).

[4] *High Point SARL v. Sprint Nextel Corp.*, No. 09-2269-CM-DJW, 2013 WL 501783, at *4 (D. Kan. Feb. 8, 2013).

apply if Defendant were to attempt to depose Drs. Langdorf or Phillips, whom Plaintiff has also identified as expert witnesses in the state court lawsuit. Accordingly, the Court grants Plaintiff's motion for a protective order with respect to those witnesses.

Finally, the Court rejected Defendant's attempt to avoid the prohibition by identifying Drs. Merkler and Patten as non-retained expert witnesses for the defense. Their privileged communications with Plaintiff's counsel preclude this attempt.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Quash Notice to Take Deposition Duces Tecum of Dr. Merkler and for Protective Order (ECF No. 52), and Plaintiff's Objection To and Motion to Quash Notice to Take Deposition Duces Tecum of Randell Patten M.D. (ECF No. 59) are GRANTED.

**IT IS FURTHER ORDERED** that Defendant's expert disclosure deadline is held in abeyance pending entry of a revised Scheduling Order, which will follow.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 2nd day of August, 2021.

_____
Teresa J. James
U. S. Magistrate Judge